**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALEGENT HEALTH-IMMANUEL MEDICAL CENTER et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11-139 (EGS) |
| KATHLEEN SEBELIUS, | ) ) | |
| Defendant. | ) ) | |

|  |  |  |
|---|---|---|
| ST. ANTHONY'S HOSPITAL, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11-1932 (EGS) |
| KATHLEEN SEBELIUS, | ) ) | |
| Defendant. | ) ) | |

**<u>MEMORANDUM OPINION</u>**

In these related cases, over 100 hospitals and medical
centers participating in the Medicare and Medicaid program
(collectively, "plaintiffs") filed suit against Kathleen
Sebelius in her official capacity as Secretary of the United
States Department of Health and Human Services.  Plaintiffs
claim that HHS miscalculated the payments owed to them as
Medicare disproportionate share hospitals ("DSH") for services
furnished to low income patients.  Complaint ¶ 1.  As another

judge on this court explained in a substantially identical case, although the statutory scheme is complex, "the fundamental dispute between the parties is relatively simple: whether patient days attributable to participants in the Medicare+Choice program" or Medicare Advantage plan under Part C of Medicare "should be included in the "Medicaid fraction" portion of calculations for reimbursement pursuant to the DSH statute." *Baptist Medical Center v. Sebelius*, 855 F. Supp. 2d 1 (D.D.C. 2012).

The D.C. Circuit resolved this dispute in *Northeast Hospital Corporation v. Sebelius*, 657 F.3d 1 (D.C. Cir. 2011). The Circuit held that HHS' decision to exclude these patient days from the Medicaid fraction prior to October 1, 2004 violates the rule against retroactive rulemaking. *See id*. at 16-17. Accordingly, the Circuit held that that HHS could not count the patient days of individuals enrolled in Medicare Part C in the Medicare fraction of the Medicare DSH calculation when determining a provider's DSH payment for fiscal years preceding October 1, 2004.

The parties agree that *Northeast Hospital* is controlling in both cases before this Court, and further agree that the cases should be remanded to HHS for recalculation of the reimbursement amounts owed to plaintiffs, "which is the relief to which Plaintiffs would be entitled if they were to prevail on the

merits here." *St. Anthony's v. Sebelius*, Case No. 11-1932, Defendant's Motion to Dismiss and Remand at 2, ECF No. 10.  The only remaining issue is whether the Court should impose additional obligations on the agency in its remand order. Plaintiffs request the Court include several such obligations, while defendant argues that the Court not include any.

For the reasons set forth below, the Court will vacate and remand the final decisions of the Secretary, and will further order the Secretary to pay the plaintiff providers interest on any additional amounts determined to be owing to plaintiffs after recalculation.  The Court will not, however, issue any other specific instructions to the Secretary to follow on remand, nor will the Court retain jurisdiction.  Accordingly, Defendant's Motion to Dismiss and Remand in *St. Anthony's Hospital* and Plaintiffs' Motion for Judgment in *Alegent Health-Immanuel Medical Center* are **GRANTED** only insofar as consistent with this Memorandum Order.

Plaintiffs' first request, that the Secretary's decisions be vacated and the cases remanded for further proceedings consistent with *Northeast Hospital*, is not contested.  See Def.'s Opp'n to Pls.' Mot. for Judgment at 2, *Alegent Health-Immanuel Medical Center*, ECF No. 18.  Accordingly, in light of the parties' agreement and for good cause shown, the Court will grant this request.

3

The Court is also persuaded by plaintiffs' argument that
the remand order should include an instruction that the
Secretary pay interest on any additional reimbursements owed
upon remand pursuant to 42 U.S.C. § 1395oo(f)(2).  The statute
provides, in pertinent part:

> Where a provider seeks judicial review [of certain
> decisions by the Secretary, including the ones at issue in
> these cases], the amount in controversy shall be subject to
> annual interest . . . to be awarded by the reviewing court
> in favor of the prevailing party.

*Id.*  Defendants do not dispute that plaintiffs are the
prevailing parties in these cases.  See *Tucson Med. Ctr. v.
Sullivan*, 947 F.2d 971, 982 (D.C. Cir. 1991) (describing a two-
part test for a prevailing party for purposes of section
1395oo(f)(2): whether the party "substantially received the
relief sought," and whether the civil action was "a catalytic,
necessary or substantial factor in obtaining the relief."); *see
also St. Anthony's*, Case No. 11-1932, Def.'s Motion to Dismiss
and Remand at 2 (agreeing that the case should be remanded to
HHS for recalculation of the reimbursement amounts owed to
plaintiffs, "which is the relief to which Plaintiffs would be
entitled if they were to prevail on the merits here.")   In
addition, "Section 1395oo(f)(2) is explicitly directed to the
judiciary.  It provides that interest shall "be awarded *by the
reviewing Court* in favor of the prevailing party.""  *Tucson*, 947
F.2d at 981 (quoting 42 U.S.C. § 1395oo(f)(2)).  Because the

statutory provision is not directed at the agency's
administration of the law on remand, but rather is a directive
to the reviewing court, this Court concludes it should be part
of the order dismissing and remanding these cases.[1]

Plaintiffs seek two additional requirements in the remand
orders, namely, that the Court (1) issue instructions to the
Agency as to how to recalculate plaintiffs' DSH payments on
remand, and order the Agency to act promptly in doing so; and
(2) retain jurisdiction pending the completion of the remand and
order the Secretary to file progress reports every 90 days.  The
Court declines to include either.  Although the Court
sympathizes with Plaintiffs' desire for clear directions to, and
prompt attention from, the agency, "[u]nder settled principles
of administrative law, when a court reviewing agency action
determines that an agency made an error of law, the court's
inquiry is at an end: the case must be remanded to the agency
for further action consistent with the corrected legal
standards."  *PPG Indus. Inc. v. United States*, 52 F.3d 363, 365

---

[1] The Secretary argues that it is premature to determine that
there are amounts due to plaintiffs at that time.  *See Alegent
Health-Immanuel Med. Ctr.*, Def.'s Opp'n to Pls.' Mot. for
Judgment at 3.  Defendant's argument is misplaced.  This Order
does not constitute a determination that additional amounts are
indeed owing to the plaintiffs after recalculation; that is to
be determined by the agency on remand, in accordance with
*Northeast Hospital*.  However, to the extent that there are
amounts due, the Court awards interest on those amounts in
accordance with the statute.

(D.C. Cir. 1995) (citations omitted).  "Only in extraordinary circumstances do courts issue detailed remedial orders." *Baptist Med. Ctr.*, 855 F. Supp. 2d at 3 (quoting *N.C. Fisheries Ass'n v. Gutierrez*, 550 F.3d 16, 20 (D.C. Cir. 2008)).

Likewise, although courts have discretion to retain jurisdiction pending completion of a remand and to order progress reports in the meantime, this discretion is also exercised only in unusual circumstances, not present here, such as "cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008).  "The norm is to vacate agency action that is held to be arbitrary and capricious and remand for further proceedings consistent with the judicial decision, without retaining oversight over the remand proceedings." *Id.* (collecting cases).  The Court finds no reason to depart from "the norm" in these cases, and accordingly will not exercise its discretion to do so.

For the foregoing reasons, it is hereby

**ORDERED** Defendant's Motion to Dismiss and Remand in *St. Anthony's Hospital* is **GRANTED;** and it is further

**ORDERED** that Plaintiffs' Motion for Judgment in *Alegent Health-Immanuel Medical Center* is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that both these actions are dismissed without prejudice; and it is further

**ORDERED** that the final decisions of the Secretary in both these cases is **VACATED**; and it is further

**ORDERED** that both these matters are remanded to the Secretary for further proceedings consistent with the holdings in *Northeast Hospital Corp. v. Sebelius*, 657 F.3d 1 (D.C. Cir. 2011); and it is further

**ORDERED** that, in the event the Secretary determines additional monies are due on remand, the Secretary shall pay plaintiffs in both cases interest on the amount in controversy calculated in accordance with 42 U.S.C. § 1395oo(f)(2), and it is further

**ORDERED** that plaintiffs' motion is **DENIED** in all respects not consistent with this memorandum order.

An separate Order accompanies this Memorandum Opinion.

**Signed:**   **Emmet G. Sullivan**
            **United States District Judge**
            **December 31, 2012**